In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00059-CV


______________________________




ALFORD CHEVROLET-GEO, ET AL., Appellants



V.



PAT MURPHY, ET AL., Appellees




 


On Appeal from the 115th Judicial District Court


Marion County, Texas


Trial Court No. 168-96




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Alford Chevrolet-Geo, et al., a group of over 600 car dealerships, appeal from an
order granting class certification to a group consisting of individuals who purchased cars
from those dealerships between January 1, 1994 and August 31, 1995. This is a
companion appeal to cause number 06-02-00058-CV, which was decided today. The
majority of the arguments raised in that appeal are identical to those raised in this appeal,
and we resolve those issues in this appeal in favor of the appellees. 

 The sole significant difference between the appeals lies in the proposed application
of the Deceptive Trade Practices Act (DTPA) and the proper application of reliance. The
Dealers contend that the issue of DTPA liability is not an issue common to all plaintiffs and
that several necessary issues are of such importance that, if they are not common, then
the common issues cannot predominate over individual issues.

 The Dealers focus their argument on the issue of reliance. Section 17.46(b)(12) (1)
of the DTPA as it existed in 1995 did not contain a reliance provision. (2) Accordingly, the
Dealers are limited to an attempt to read reliance into the statute.

 For DTPA violations as analyzed under the 1995 version of the Code, only
producing cause must be shown. Tex. Bus. & Com. Code Ann. § 17.50(a); Prudential Ins.
Co. v. Jefferson Assocs., 896 S.W.2d 156, 161-65 (Tex. 1995). The Dealers rely on a
concurrence to the Prudential opinion to argue that reliance is required in the same fashion
under both the new and old versions of the Act. That affords the Dealers no relief,
because in the companion appeal we have concluded that the necessity of proof of
reliance (but not sole cause or but for proof) under the current version of the Act does not
defeat certification or cause the trial plan to be inadequate. 

 Even if we had decided otherwise, this argument does not hold up under a pre-1995
DTPA scrutiny. The concurrence cited by the Dealers from the Prudential opinion consists
of Justice Gonzalez' comments supposing the majority had adopted his position requiring
proof of the existence of reliance as a necessary element in a DTPA claim. The opinion
itself acknowledges in its review of the various causes of action pled that the element
common to both proximate cause (on the negligence claims) and producing cause (on the
DTPA claims) is actual causation in fact. The court then goes on to define that term as
requiring proof that an act or omission was a substantial factor in bringing about injury
which would not otherwise have occurred. Prudential Ins. Co., 896 S.W.2d at 161-65. The
Dealers take the position, in effect, that the standard requires a showing the
misrepresentation was the sole factor which brought about the injury.

 Under this authority, the plaintiffs will not need to prove actual reliance on the
misstatements of the Dealers, but will only have to prove to the jury the act or omission
was a substantial factor in bringing about injury which would not otherwise have occurred,
and the overpayment itself presents evidence of reliance. 

 The contentions of error are overruled.


 Donald R. Ross

 Justice


Date Submitted: October 1, 2002

Date Decided: October 25, 2002


Do Not Publish

1. See Act of May 10, 1973, 63rd Leg., R.S., ch. 143, § 1, 1973 Tex. Gen. Laws 322,
324.
2. In 1995, Section 17.50(a) provided that, "A consumer may maintain an action
where any of the following constitute a producing cause of actual damages: (1) the use
or employment by any person of a[n] . . . act or practice that is specifically enumerated in
a subdivision of Subsection (b) of Section 17.46 . . . ." See Act of May 19, 1995, 74th Leg.,
R.S., ch. 414, § 5, 1995 Tex. Gen. Laws 2988, 2992.


 The amended version adds an additional subsection at Section 17.50(a)(1)(B): 
"and . . . relied on by a consumer to the consumer's detriment." Tex. Bus. & Com. Code
Ann. § 17.50(a)(1)(B) (Vernon 2002).


ent, to
immediately appoint counsel for the relator. See Tex. Code Crim. Proc. Ann. art. 64.01(c)
(Vernon Supp. 2003). Second, we direct the respondent to rule on the relator's motion for
DNA testing. We are confident the respondent will comply promptly. The writ will issue
only if the respondent fails to comply with this opinion.


 Donald R. Ross

 Justice




Date Submitted: February 3, 2003

Date Decided: February 4, 2003